**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| HONG KONG STEED REACH TECHNOLOGY LIMITED,<br><br>*Plaintiff*,<br>v.<br><br>SHENZHEN GOUCHEN ELECTRONIC COMMERCE CO., LTD.,<br><br>*Defendant*. | Civil Action No. 4:26-cv-1655<br><br>JURY DEMAND |

# ORIGINAL COMPLAINT

Plaintiff Hong Kong Steed Reach Technology Limited dba UNIHOO DIRECT ("Plaintiff") seeks a declaratory judgment of patent non-infringement of certain wallet card holder products defined herein ("Accused Products") and invalidity against United States Patent No. D1032197 ("the D'197 Patent") owned by Shenzhen Gouchen Electronic Commerce Co., Ltd. ("Defendant").

## INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to

bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4. In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5. It is against this backdrop that Defendant Shenzhen Gouchen Electronic Commerce Co., Ltd. reported to Amazon a meritless and bad faith "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the D'197 Patent, and led to the delisting of the Accused Products.

## NATURE OF THE ACTION

6. This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq,* and the Patent

Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Defendant's actions have placed Plaintiff in the precarious position of the imminent and real threat of an infringement lawsuit through the enforcement of the D'197 Patent by Amazon.

7. This action arises from a complaint submitted by Defendant to Amazon.com concerning Plaintiff's Amazon listing under ASIN B0H5HBTMT7, threatening significant harm to Plaintiff.

**PARTIES**

8. Plaintiff Hong Kong Steed Reach Technology Limited dba UNIHOO DIRECT is a limited company organized under the laws of China.

9. Upon information and belief, Defendant Shenzhen Gouchen Electronic Commerce Co., Ltd. is a limited company organized under the laws of China with a business address at Room 302, Building 1, Huada Community, No. 2090 Wenjin Middle Road, Mulong Community, Cuizhu Street, Luohu District, Shenzhen, Guangdong 518000, China.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11. Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and District, including regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Texas residents.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is a foreign entity residing in China and have done substantial business in the judicial district.

**THE ACCUSED PRODUCTS**

13. Plaintiff is an e-commerce company selling various wallet products on Amazon under the store named UNIHOO DIRECT.

14. The Accused Products at issue are wallets identified by ASIN B0H5HBTMT7.

15. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for wallets, Plaintiff needs their products listed in the Amazon marketplace.

16. Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiff. In addition to the direct effects of monetary losses, the delisting of products will immediately result in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

**UNITED STATES PATENT NO. D1032197**

17. Defendant Shenzhen Gouchen Electronic Commerce Co., Ltd. is the assignee of record of the D'197 Patent, attached as Exhibit A.

18. The D'197 Patent is entitled "Wallet" and generally discloses in independent claim: "The ornamental design for a wallet, as shown and described." *Id.*

19. The D'197 Patent was filed on September 20, 2023, and was issued on June 25, 2024. *Id.*

**DEFENDANT'S AMAZON COMPLAINT**

20. In and around September 2026, Defendant lodged a meritless Amazon infringement Complaint (Complaint ID: 22046008131) ("Complaint") against Plaintiff and the Accused Products. *See* Exhibit B, Amazon's Notice.

21. Therein, Defendant identified the D'197 Patent as the intellectual property asserted.

22. Amazon responded to the Complaints by removing the Accused Products.

**CLAIM I**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE D'197 PATENT**

23. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

24. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant as to the invalidity of the D'197 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

25. The Accused Products do not infringe claim of the D'197 Patent as the D'197 Patent is invalid due to prior art available to the public before the effective filing date of the claimed invention. Under 35 U.S.C. § 102, a patent is invalid if the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

26. More specifically, before the filing of the D'197 Patent, the claim is anticipated at least in view of wallet products sold by Guangzhou Zhuofan Leather Factory on 1688.com with the first publication date in December 2022; "typecase Mens Wallet Card Holder" sold by YXEC with ASINs No. B0BVPKST52 on Amazon.ca, which discloses a wallet with the first available date on March 13, 2023; and "Typecase Mens Slim Aluminum Card Wallet - Review" posted on

Youtube.com on September 14, 2023. All the mentioned prior arts disclose designs identical or substantially similar to predate the priority filing date of the D‘197 Patent. *See* Exhibit C.

27. Defendant’s baseless infringement reports on the Amazon.com platform have caused imminent and real threat of an infringement lawsuit.

28. Defendant’s baseless infringement reports on the Amazon.com platform have caused and will continue to cause ongoing and irreparable harm to Plaintiff.

29. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the ’209 Patent is invalid under 35 U.S.C. §§ 102.

## CLAIM II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

30. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

31. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant as to the non-infringement of the D‘197 Patent by the Accused Products, as evidenced by Defendant’s allegations of infringement on Amazon, as set forth above.

32. The Accused Products do not infringe the claim of the D‘197 Patent as it is invalid due to prior arts available to the public before the effective filing date of the claimed invention. Under 35 U.S.C. § 102, a patent is invalid if the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

33. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed,

either directly or indirectly, literally, or under the doctrine of equivalents, any claim of the D‘197 Patent.

34. Plaintiff therefore requests a judicial declaration that the Accused Products do not infringe any claims of the D‘197 Patent.

**JURY DEMAND**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of any issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter the following in favor of Plaintiff:

A. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the D‘197 Patent, and to refrain from lodging any further infringement complaints regarding the same;

B. A finding and declaratory judgment that the Accused Products do not infringe any claims of the D‘197 Patent;

C. A declaration that any of the claims of the D‘197 Patent are invalid and Plaintiff's Accused Products do not infringe the D‘197 Patent.

D. A finding and judgment that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

E. Such further and additional relief as the Court deems just and proper.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Timothy T. Wang*
Timothy T. Wang
Texas Bar No.: 24067927

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972-331-4603
twang@nilawfirm.com

*Counsel for Plaintiff*